UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>LARRY A. LAMB | CAUSE NO's.: 1:20-CR-26-HAB<br>1:22-CV-91-HAB<br><br>1:20-CR-48-HAB<br>1:22-CV-90-HAB |

**OPINION AND ORDER**

Defendant Larry Lamb pled guilty pursuant to a written plea agreement[1] to felon in possession of a firearm (Count 1 of 1-20-CR-26 "Case 1"), distribution of 50 grams or more of methamphetamine, and possession of a firearm in furtherance of a drug trafficking crime. (Counts 5, 6 of 1:20-CR-48 "Case 2"). He was sentenced to 120 months' imprisonment in Case 1 to run concurrently with 295 months' imprisonment in Case 2. As part of his plea agreement, Lamb waived his appellate rights, including his right to bring a § 2255 petition on any ground other than a claim of ineffective assistance of counsel. (Case 2, ECF No. 106 ¶ 8(g)). Notwithstanding that waiver, pending before the Court in each of his cases are unsigned Motions to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Case 1, ECF No. 55; Case 2, ECF No. 336).

A court must give a § 2255 motion prompt initial review and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."

---

[1] The Plea Agreement jointly resolved both cases and is filed in both cases. There were, however, two separate Judgments entered. Lamb was therefore required to file separate Motions to Vacate in each of his cases. Rule 2(d) of the Rules Governing § 2255 Proceedings ("A party who seeks relief from more than one judgment must file a separate motion covering each judgment.") For simplicity, the Court is addressing both the Motions in a single order but will direct the Clerk to file the Order in each cause number.

Rule 4 of Rules Governing Section 2255 Cases. In his motions, Lamb sets forth a single non-constitutional ground for the relief sought. He asserts a "Kimbrough Disagreement" and requests this Court to revisit his sentence and "declare a policy disagreement with the methamphetamine sentencing guidelines and vary downward by four levels." (Petition, p. 4). Lamb's petitions are procedurally defective because they bear no signature under oath, as required by the rules governing § 2255 proceedings. *See* Rule 2(b)(5), Rules Governing § 2255 Proceedings (requiring that the Form be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant). Additionally, it appears that the grounds asserted for relief are encompassed by his appeal waiver in his plea agreement.

The waiver of § 2255 rights is enforceable. *See United States v. Alcala*, 678 F.3d 574, 577 (7th Cir. 2012); *Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011); *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999). The court of appeals has held "to bar collateral review, the plea agreement must clearly state that the defendant waives his right to collaterally attack his conviction or sentence *in addition* to waiving his right to a direct appeal." *Keller v. United States,* 657 F.3d 675, 681 (7th Cir. 2011) (emphasis in original). This waiver is enforceable if made knowingly and voluntarily, *id.*, and if not the result of ineffective assistance of counsel. *Dowell v. United States,* 694 F.3d 898, 902 (7th Cir. 2012). Lamb's plea agreement clearly states that he is not only waiving his direct appeal rights, but he is also waiving his right to collaterally attack his sentence. He has not asserted that the waiver is unenforceable. Therefore, even if the petition was not procedurally defective, it would be denied because the grounds alleged are foreclosed by the waiver. Lamb's petitions are DENIED.

**CERTIFCATE OF APPEALABILITY**

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rule 11 of Rules Governing Section 2255 Proceedings. The substantial showing standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks omitted); *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484.

Based on the waiver of his § 2255 rights in his plea agreement, no reasonable jurist could debate whether this petition should be resolved in a different manner. The Court will not issue the Defendant a certificate of appealability.

## CONCLUSION

For the reasons stated above, the Court DISMISSES the Defendant's Motions to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Case 1, ECF No. 55; Case 2, ECF No. 336) and DECLINES to issue a certificate of appealability in both cases. The CLERK is DIRECTED to file this Opinion and Order in all cause numbers.

SO ORDERED on March 22, 2022.

                                                s/ *Holly A. Brady*
                                                JUDGE HOLLY A. BRADY
                                                UNITED STATES DISTRICT COURT